WOODRUFF, SPRADLIN & SMART, APC
DANIEL K. SPRADLIN - State Bar No. 82950
dspradlin@wss-law.com
PATRICK M. DESMOND – State Bar No. 215029
pdesmond@wss-law.com
JEANNE L. TOLLISON - State Bar No. 238970
jtollison@wss-law.com
555 Anton Boulevard, Suite 1200
Costa Mesa, California 92626-7670
Telephone: (714) 558-7000
Facsimile: (714) 835-7787

Attorneys for Defendant MARK MATSUDA (RETIRED), as a former employee and Chief of Police of City of Torrance, a public entity

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HECTOR BERMUDEZ,<br><br>      Plaintiff,<br><br>v.<br><br>CITY OF TORRANCE, MARK MATSUDA, and DOES 1 through 10, inclusive,<br><br>      Defendants. | CASE NO: 2:17-CV-04193-DSF-AFM<br><br>BEFORE THE HONORABLE DALE S. FISCHER<br><br>**"DISCOVERY MATTER"**<br><br>**[PROPOSED] PROTECTIVE ORDER FOR DEPOSITIONS AND DOCUMENTS**<br><br>HEARING DATES PENDING:<br>Type:   Final Pre-Trial Conference<br>Date:   January 25, 2019<br>Time:   3:00 p.m.<br>Ctrm:   7D<br><br>Type:   Trial<br>Date:   March 26, 2019<br>Time:   8:30 a.m.<br>Ctrm:   7D |

## 1.  PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting and defending this litigation may be warranted. Accordingly, the parties hereby stipulate to and

WOODRUFF, SPRADLIN & SMART
ATTORNEYS AT LAW
COSTA MESA

petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 10.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; the Local Rules set forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

The parties acknowledge that during the depositions of Plaintiff Hector Bermudez and Defendant Mark Matsuda and the depositions of retired Torrance Police Department employees Bernard Anderson, Ross Bartlett and Rod Irvine, confidential information concerning Plaintiff, Defendant Chief of Police Mark Matsuda (retired) and third-party employees of the City of Torrance may be disclosed. In particular, personnel issues which are protected under federal privacy laws. The parties request that the deposition testimony of Plaintiff Hector Bermudez, Defendant Mark Matsuda and retired Torrance Police Department employees Bernard Anderson, Ross Bartlett, Rod Irvine and current employee Robert Lara. , including exhibits, be covered under this protective order.

This order is necessary to allow Plaintiff to prosecute – and permit Defendant to defend – this civil rights action. The parties agree that this protective order does not waive the parties' rights to object to documents and/or information. The parties agreed to the following Stipulated Protective Order to protect any potential confidential information.

## 2.    DEFINITIONS

2.1    Challenging Party:  a Party or Non-Party that challenges the designation of information or items under this Order.

2.2    "CONFIDENTIAL" Information or Items:  information (regardless of

how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3    Counsel (without qualifier):   Outside Counsel of Record and House Counsel (as well as their support staff).

2.4    Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.5    Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.6    House Counsel:  attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.7    Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.8    Outside Counsel of Record:  attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.9    Party:   any party to this action, including its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.10   Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.11   Protected Material:   any Disclosure or Discovery Material that is

designated as "CONFIDENTIAL", including the deposition transcript and any videotaped versions thereof.

**3.    SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the any information that is in the public domain at the time of disclosure or becomes part of the public domain after its disclosure as a result of publication not involving a violation of this Order. The parties agree to meet and confer prior to trial to attempt to reach a mutually agreeable plan for how Protected Material will be presented at trial.

**4.    DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until the parties agree in writing or a court order otherwise directs. Final disposition shall be deemed to be the latter of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5.    DESIGNATION OF PROTECTED MATERIAL**

The parties specifically identify the deposition testimony of Plaintiff Hector Bermudez, Defendant Mark Matsuda, Bernard Anderson, Ross Bartlett, Rod Irvine and Robert Lara including exhibits thereto, as Protected Material.

The entirety of each of these parties'/witness's deposition transcript, and exhibits attached thereto, will initially be deemed Protected Material.    Following transmission of the final transcript and certified copies of the transcript by the court

reporter to the parties, each party will have 30 days to designate those specific portions of the transcript and exhibits (or portions of exhibits) it deems to be Protected Material. Designation under this section shall be made in writing to all parties referencing this section and identifying the specific page and line numbers that are being designated as Protected Material as well as the specific exhibits to that deposition (or portions thereof) that are being designated as Protected Material. Once a party makes a timely designation of testimony or deposition exhibits as Protected Material pursuant to this section, that testimony and those deposition exhibits (or designated portions thereof) shall be deemed Protected Material subject to the terms of this Stipulation and Protective Order. After the 30-day time period set forth in this section has expired, any deposition testimony or deposition exhibits (or portions thereof) that have not been designated by a party as Protected Material will cease being Protected Material.

**6.**     **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1     Timing of Challenges.   Any Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     Meet and Confer.   The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In

conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3     Judicial Intervention.  If the Parties cannot resolve a challenge without court intervention, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

## 7.     ACCESS TO AND USE OF PROTECTED MATERIAL

7.1     Basic Principles. Either Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by the Parties at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2     Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the other Party, a Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)     the Party's Outside Counsel of Record in this action, as well as

1312373.1

employees of said Outside Counsel of Record and House Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) the court and its personnel;

(d) court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

7.3 All "CONFIDENTIAL" information produced in accordance with the Order shall not be used, other than in the instant case, in any deposition other than the instant case, legal proceeding other than the instant case, for media use/dissemination, dissemination to third parties, use in other legal proceedings or in any other forum, nor shall the "CONFIDENTIAL" information be disseminated in any form, except by court order, or until such time as the "CONFIDENTIAL" designation is removed by agreement of counsel for the parties or by further order of this court.

## 8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party must:

(a) promptly notify in writing the other Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)     cooperate with respect to all reasonable procedures sought to be pursued by the Party whose Protected Material may be affected.

If a Party timely seeks a protective order, the other Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued.

## 9.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If either party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the party must immediately (a) notify in writing the other party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

This does not prevent the right of the non-disclosing Party from seeking all remedies or relief from the Court if it deems the disclosure of Protected Material to be an intentional violation of this order.

## 10.     MISCELLANEOUS

10.1    Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

10.2    Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

10.3    Filing Protected Material. No Party may file in the public record in this action any Protected Material. A party that seeks to file under seal any Protected

1312373.1

WOODRUFF, SPRADLIN & SMART
ATTORNEYS AT LAW
COSTA MESA

Material must comply with the applicable Local Rules and General Orders, and in particular Local Rule 79-5. A deposition transcript (or portions of the transcript) containing Protected Material, including exhibits that are Protected Material, may only be filed under seal pursuant to a court order authorizing the sealing of the specific testimony at issue. If a party's request to file the transcript (or portions thereof) under seal is denied by the court, then the party may file the information in the public record unless otherwise instructed by the court.

10.4 This protective order does not govern the use of Protected Material at trial. The use of Protected Material at trial shall be governed by orders of the trial judge.

## 11. **FINAL DISPOSITION**

Upon final disposition of this case, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

1312373.1

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED:  April 26, 2018              LAW OFFICE OF BIJAN DARVISH

By: */s/ Bijan Darvish*
    BIJAN DARVISH
    Attorney for Plaintiff
    HECTOR BERMUDEZ

DATED:  April 26, 2018              WOODRUFF, SPRADLIN & SMART, APC

By: */s/ Patrick M. Desmond*
    DANIEL K. SPRADLIN
    PATRICK M. DESMOND
    JEANNE L. TOLLISON
    Attorneys for Defendants CITY OF
    TORRANCE, a public entity and MARK
    MATSUDA (RETIRED), as a former
    employee and Chief of Police of City of
    Torrance, a public entity

Pursuant to Local Rule 5-4.3.4, I, Patrick M. Desmond, attest that Bijan Darvish concurs with the content of this Stipulation and [Proposed] Protective Order for Depositions and Documents and has authorized the filing of same.

DATED:  April 26, 2018              WOODRUFF, SPRADLIN & SMART, APC

By:    */s/ Patrick M. Desmond*
    DANIEL K. SPRADLIN
    PATRICK M. DESMOND
    JEANNE L. TOLLISON
    Attorneys for Defendants CITY OF
    TORRANCE, a public entity and MARK
    MATSUDA (RETIRED), and an
    employee and Chief of Police of City of
    Torrance, a public entity

PURSUANT TO STIPULATION AND GOOD CAUSE SHOWN, IT IS SO ORDERED.

DATED: 4/27/2018

_____
Alexander F. MacKinnon
United States Magistrate Judge

WOODRUFF, SPRADLIN
& SMART
ATTORNEYS AT LAW
COSTA MESA

1312373.1

WOODRUFF, SPRADLIN
& SMART
ATTORNEYS AT LAW
COSTA MESA

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____, of _____, declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____, 2018 in the case of Hector Bermudez v. City of Torrance, et al. Case No. 2:17-CV-04193-DSF-AFM. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

1312373.1

## <u>PROOF OF SERVICE</u>

## <u>STATE OF CALIFORNIA, COUNTY OF ORANGE</u>

I am over the age of 18 and not a party to the within action; I am employed by WOODRUFF, SPRADLIN & SMART in the County of Orange at 555 Anton Boulevard, Suite 1200, Costa Mesa, CA 92626-7670.

On April 27, 2018, I served the foregoing document(s) described as: **"DISCOVERY MATTER"** *AMENDED* **STIPULATION AND [PROPOSED] PROTECTIVE ORDER FOR DEPOSITIONS AND DOCUMENTS**

☒      by placing the true copies thereof enclosed in sealed envelopes addressed as stated on the attached mailing list;

☐      **(BY MAIL)** I placed said envelope(s) for collection and mailing, following ordinary business practices, at the business offices of WOODRUFF, SPRADLIN & SMART, and addressed as shown on the attached service list, for deposit in the United States Postal Service. I am readily familiar with the practice of WOODRUFF, SPRADLIN & SMART for collection and processing correspondence for mailing with the United States Postal Service, and said envelope(s) will be deposited with the United States Postal Service on said date in the ordinary course of business.

☒      **(BY ELECTRONIC SERVICE)** by causing the foregoing document(s) to be electronically filed using the Court's Electronic Filing System which constitutes service of the filed document(s) on the individual(s) listed on the attached mailing list.

☐      **(BY OVERNIGHT DELIVERY)** I placed said documents in envelope(s) for collection following ordinary business practices, at the business offices of WOODRUFF, SPRADLIN & SMART, and addressed as shown on the attached service list, for collection and delivery to a courier authorized by _____ to receive said documents, with delivery fees provided for. I am readily familiar with the practices of WOODRUFF, SPRADLIN & SMART for collection and processing of documents for overnight delivery, and said envelope(s) will be deposited for receipt by _____ on said date in the ordinary course of business.

☐      **(BY FACSIMILE)** I caused the above-referenced document to be transmitted to the interested parties via facsimile transmission to the fax number(s) as stated on the attached service list.

☐      **(BY PERSONAL SERVICE)** I delivered such envelope(s) by hand to the offices of the addressee(s).

☒      (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. I declare under penalty of perjury that the above is true and correct.

Executed on April 27, 2018, at Costa Mesa, California.

*/s/Vilay Lee*           Vil

WOODRUFF, SPRADLIN & SMART
ATTORNEYS AT LAW
COSTA MESA

1312373.1

WOODRUFF, SPRADLIN
& SMART
ATTORNEYS AT LAW
COSTA MESA

## <u>HECTOR BERMUDEZ v. CITY OF TORRANCE, et al.</u>

**ASSIGNED FOR ALL PURPOSES TO**
**HONORABLE DALE S. FISCHER**
**COURTROOM 7D**

**USDC, CENTRAL DISTRICT OF CALIFORNIA**
**CASE NO.  2:17-CV-04193-DSF-AFM**

### <u>SERVICE LIST</u>

Gregory W. Smith, Esq.                     Attorneys for Plaintiff
Diana Wang Wells, Esq.                  **HECTOR BERMUDEZ**
Leila K. Al Faiz, Esq.
LAW OFFICES OF GREGORY W. SMITH
9100 Wilshire Blvd., Suite 345E
Beverly Hills, CA 90212
Telephone:  (310) 777-7894
Facsimile:  (310) 777-7895

Bijan Darvish, Esq.                          Attorneys for Plaintiff
LAW OFFICE OF BIJAN DARVISH          **HECTOR BERMUDEZ**
18685 Main Street, Suite 101-384
Huntington Beach, CA 92648
Telephone:  (866) 915-9406
Facsimile:  (866) 915-9436
bijan@darvishlaw.net

1312373.1